**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51318/51319**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 3, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BRIAN PATRICK WILLY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of five years with a minimum period of confinement of two years for possession of a controlled substance, and a consecutive, unified term of seven years with three years determinate for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

————————————————————

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

————————————————————

PER CURIAM

In these consolidated cases, Brian Patrick Willy pled guilty to one count of possession of a controlled substance in each case, Idaho Code § 37-2732(c)(1). In exchange for his guilty pleas, additional charges were dismissed. The district court imposed a unified term of five years with two years determinate in Docket No. 51318, and a consecutive, unified term of seven years with

1

three years determinate in Docket No. 51319. The district court retained jurisdiction in both cases. Willy appeals, contending that his sentences are excessive.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Willy's judgments of conviction and sentences are affirmed.

---

[1]     During the pendency of this appeal, Willy successfully completed a period of retained jurisdiction and was placed on probation in June 2024. Because he is currently on probation, Willy only challenges the length of his underlying sentences in this appeal.